IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MICHAEL DYWAYNE HARRIS, | § | |
| | § | |
| Movant, | § | |
| | § | |
| V. | § | NO. 3:24-CV-2006-X |
| | § | (NO. 3:20-CR-32-X-5) |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

MEMORANDUM OPINION AND ORDER

Came on for consideration the motion of Michael Dywayne Harris under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody. Having considered the motion and memoranda in support, the response, the reply, the record, and applicable authorities, the Court determines that "the motion and the files and records of the case conclusively show that [Harris] is entitled to no relief," 28 U.S.C. § 2255, and DENIES Harris's requests for an evidentiary hearing [Dkt. No. 4 at 13-14; Dkt. No. 5]. Further, the Court hereby DENIES the motion for the reasons stated below.

I.    BACKGROUND

The record in the underlying criminal case reflects the following:

On January 28, 2020, Harris was named in three counts of a fourteen-count indictment charging him with one count of conspiracy to possess with the intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. §§ 846, 841(a)(1), (b)(1)(A), one count of possession with the intent to distribute a Schedule II controlled substance, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B), and one count of maintaining a drug-involved premises, in violation of 21

U.S.C. § 856(a)(1). CR ECF No.[1] 1 at 1-4. Harris entered a plea of not guilty. CR ECF No. 94. On February 26, 2020, Harris was named in a superseding indictment charging him with the same three counts. CR ECF No. 104.

Harris signed a plea agreement on May 17, 2020, which was filed on September 11, 2020. CR ECF No. 204. Under the agreement, Harris pled guilty to the second count of the superseding indictment. *Id.* The agreement set out the potential penalties for this count, including a term of imprisonment not less than five or more than forty years. *Id.* at 2. A second superseding indictment charging Harris with the same counts was filed on October 21, 2020. CR ECF No. 243.

Harris's rearraignment hearing was held by video conference on November 17, 2020, and his guilty plea was accepted on December 15, 2020. CR ECF Nos. 257, 260, 261, 306, 1009. Harris's sentencing hearing was held on August 16, 2023. CR ECF Nos. 986, 988, 1010. The Court sentenced Harris to a term of imprisonment of 160 months, with a four-year term of supervised release. CR ECF Nos. 988, 993, 1010.

Harris appealed. CR ECF No. 996. His appellate counsel filed an *Anders* brief, and the Fifth Circuit dismissed the appeal. *United States v. Harris*, No. 23-10890 (5th Cir. Apr. 29, 2024) [CR ECF No. 1053].

On August 6, 2024, Harris filed this motion to vacate listing three grounds in support. ECF No.[2] 2, 3, 4, 5. The government responded. ECF No. 9. Harris filed a reply. ECF No. 10.

---

[1] The "CR ECF No. __" reference is to the number of the item on the docket in the underlying criminal case, No. 3:20-cr-32-X-5.

[2] The "ECF No. __" reference is to the number of the item on the docket in this civil action.

2

## II.    GROUNDS OF THE MOTION

Harris raises three grounds in support of his motion:

(1)    Ineffective assistance of counsel in connection with Harris's guilty plea

(2)    Ineffective assistance of counsel for failure to object to Section 3B1.1 adjustment

(3)    Ineffective assistance of counsel for failure to object regarding drug weight calculations

ECF No. 4.

## III.    APPLICABLE LEGAL STANDARDS

### A.  28 U.S.C. § 2255

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. *United States v. Frady*, 456 U.S. 152, 164 (1982); *United States v. Shaid*, 937 F.2d 228, 231-32 (5th Cir. 1991). A defendant can challenge his conviction or sentence after it is presumed final on issues of constitutional or jurisdictional magnitude only and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. *Shaid*, 937 F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. *United States v. Capua,* 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. *Davis v. United States*, 417 U.S. 333, 345 (1974); *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). Further, if issues Aare raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a

3

later collateral attack.@ *Moore v. United States*, 598 F.2d 439, 441 (5th Cir. 1979) (citing *Buckelew v. United States*, 575 F.2d 515, 517-18 (5th Cir. 1978)).

### B.  Ineffective Assistance of Counsel

To prevail on an ineffective assistance of counsel claim, movant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984). "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Strickland*, 466 U.S. at 697; *see also United States v. Stewart*, 207 F.3d 750, 751 (5th Cir. 2000). "The likelihood of a different result must be substantial, not just conceivable," *Harrington v. Richter*, 562 U.S. 86, 112 (2011), and a movant must prove that counsel's errors "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Cullen v. Pinholster*, 563 U.S. 170, 189 (2011) (quoting *Strickland*, 466 U.S. at 686). Judicial scrutiny of this type of claim must be highly deferential and the defendant must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689. Simply making conclusory allegations of deficient performance and prejudice is not sufficient to meet the *Strickland* test. *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000).

## IV.    ANALYSIS

In support of his first ground, Harris asserts that his trial counsel was ineffective because he did not adequately explain Harris's potential sentencing exposure but instead advised him that

4

his sentence would be in the 8-year range and that there would be no enhancement for guns. ECF No. 4 at 8. Essentially, Harris argues that, due to ineffective assistance of counsel, his plea was not knowing. *See United States v. Lincks*, 82 F.4th 325, 330-31 (5th Cir. 2023) (assertion that counsel provided inaccurate advice as to sentencing exposure implicates "knowing" rather than "voluntary" requirement for guilty plea).

The plea agreement, however, unambiguously states that Harris's potential term of imprisonment would be "not less than five year or more than 40 years." CR ECF No. 204 at 2. It also clearly states that "[t]he defendant has reviewed the guidelines with [his] attorney, but understands no one can predict with certainty the outcome of the Court's consideration of the guidelines in this case," that "[t]he defendant will not be allowed to withdraw [his] plea if [his] sentence is higher than expected, that "[t]he defendant fully understands that the actual sentence imposed (so long as it is within the statutory maximum) is solely in the discretion of the Court," and that "[t]here have been no guarantees or promises from anyone as to what sentence the Court will impose." *Id.* at 3, 6. Harris again affirmed that he understood the potential penalties and that he could not "necessarily rely on any prediction by [his] attorney or anybody else as to what exact sentence that [he] might receive because only Judge Starr can make that decision." CR ECF No. 1009 at 14-17, 19.

"Solemn declarations in open court carry a strong presumption of verity," forming a "formidable barrier in any subsequent collateral proceedings." *Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977). Similarly, as an official record, Harris's signed plea agreement filed with the Court is "entitled to a presumption of regularity and are accorded great evidentiary weight." *Hobbs v. Blackburn*, 752 F.2d 1079, 1081 (5th Cir. 1985). To overcome contrary representations in

5

rearraignment testimony and in a signed plea agreement, a defendant must "prov[e] (1) the exact terms of the alleged promise, (2) exactly when, where, and by whom the promise was made, and (3) the precise identity of an eyewitness to the promise." *United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998). An evidentiary hearing is unnecessary if the defendant does not produce "independent indicia of the likely merit of [his] allegations, typically in the form of one or more affidavits from reliable third parties" but instead only makes a "showing … inconsistent with the bulk of [his] conduct or otherwise fails to meet [his] burden of proof in the light of other evidence in the record." *Id.*

Here, Harris provides only his own affidavit in support of his allegations, *see* ECF No. 3, and therefore, he has not made the necessary showing to entitle him to an evidentiary hearing. But, even assuming *arguendo* that his statements as to counsel's advice are true, those statements would not be sufficient in light of the statements in the plea agreement. The Fifth Circuit recently considered a similar ineffective assistance claim about counsel's inaccurate advice on guidelines ranges provided in an email in the context of a plea agreement from this district that was almost identically worded in relevant respect as the agreement Harris signed in this case. *See Lincks*, 82 F.4th at 331-32. Given his express statements in the plea agreement and at rearraignment, Harris has not shown deficient performance.

Harris also cannot show prejudice. In his reply, Harris appears to specifically disclaim that his plea was not entered into knowingly and intelligently but explains that he asserts only that he "was denied competent legal advice in deciding how to deal with the government's offer." ECF No. 10 at 5. Harris never states that he would not have pled guilty but for his counsel's allegedly deficient performance but instead admits his guilt and simply requests a sentence reduction to "put

6

[him] back in the position he would have been in had counsel … not perform[ed] deficiently."
ECF No. 5 at 3. To show prejudice, however, Harris "must show that there is a reasonable
probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted
on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). Harris has not made this showing.
Therefore, Harris's first ground for relief is denied.

Harris's second ground is based on a misunderstanding of the Section 3B1.1 adjustment.
Harris understood that adjustment to require that he was a manager or supervisor of five or more
people. *See* ECF Nos. 4 at 16-17; ECF No. 10 at 6-7. In fact, the adjustment requires that the
criminal activity involve five or more participants and that the defendant "must have been the
manager[] or supervisor of one or more other participants." *See* U.S.S.G. § 3B1.1(b) & cmt. n.2
(2023). Harris does not dispute that he supervised one employee or that there were five or more
participants in the criminal activity, so objecting to the adjustment would have been frivolous. *See*
*Clark v. Collins*, 19 F.3d 959, 966 (5th Cir. 1994) ("Failure to raise meritless objections is not
ineffective lawyering; it is the very opposite."); *Murphy v. Davis*, 732 F. App'x 249, 260 (5th Cir.
2018) (same). Therefore, Harris's second ground for relief is denied.

As to Harris's third ground for relief, the government correctly calculates that, even if the
one kilogram of cocaine was double counted in the PSR, the lower amount would have fallen into
the same base level. *See* ECF No. 9 at 17. Further, Harris does not provide any evidence to support
his claim that counsel could have successfully objected to the inclusion of the eight kilograms of
cocaine that Harris claims to have possessed in an intercepted phone call or provided any evidence
to establish that he could have met his burden to exclude that amount. *See, e.g.*, U.S.S.G. § 2D1.1
cmt. n.5 ("If, however, the defendant establishes that the defendant did not intend to provide or

purchase, or was not reasonably capable of providing or purchasing, the agreed-upon quantity of the controlled substance, the court shall exclude from the offense level determination the amount of controlled substance that the defendant establishes that the defendant did not intend to provide or purchase or was not reasonably capable of providing or purchasing.").

Even if counsel's performance was deficient in failing to make these objections to the drug weight calculations in the PSR, however, Harris cannot show prejudice because the Court stated on the record that Harris's sentence was based on the sentencing factors in 18 U.S.C. § 3553(a) and the sentences given to other defendants in the criminal activity. *See* CR ECF No. 1010 at 32-35. The Court clarified that

> I think that number is correct, regardless of the guidelines. I really went outside of the original guidelines. I didn't go below the adjusted guidelines, but I did go to the bottom of the range and was about 100 months below some of the other similarly situated defendants here.
>
> So I think that number is correct, regardless of the guideline range.

*Id.* at 35.

Because Harris cannot show that his sentence would have been different if his counsel had successfully objected to the drug weight calculations, he cannot show prejudice. Therefore, Harris's third ground for relief is denied.

## V.    CONCLUSION

For the reasons discussed herein, Petitioner Michael Dywayne Harris's requests for an evidentiary hearing [Dkt. No. 4 at 13-14; Dkt. No. 5] are DENIED and the relief sought in his

motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody is DENIED.

SO ORDERED this 8th day of May, 2026.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

9